Dear Mr. Rees:
You requested an Attorney General's opinion regarding the incorporation of the Road Home Corporation ("Corporation"). You indicate that the Corporation is a non-profit corporation authorized by law to be created as a non-profit corporation under the Louisiana Road Home Housing Corporation Act and the provisions of the Louisiana Non-Profit Corporation Law, La.R.S. 12:201, et seq. The Road Home Housing Corporation Act ("RHHCA") was enacted and became effective June 29, 2006 under Act 654 of the 2006 Regular Session, which created Chapter 3-C of Title 40. (As enacted, the RHHCA commence at Section 600.31. The Louisiana State Law Institute has redesignated the RHCCA to commence at Section 600.61, et seq.)
It appears to you that the Louisiana Legislature did not itself create the Road Home Corporation, but has simply authorized its formation for the purposes stated in the RHCCA. You advise that the Louisiana Housing Finance Agency ("LHFA"), under the Louisiana Housing Finance Act, is authorized in La.R.S. 40:600.6 (A)(22) to form nonprofit corporations, including without limitation the Road Home Corporation. You further indicate that the Road Home Corporation was not incorporated by the LHFA, but by a natural person. The Governor of the State of Louisiana has appointed a Board of Directors in accordance with the provisions of the RHHCA. As created, the Road Home Corporation incorporates the terms and mandates of the RHHCA. Its purpose, functions and board appointments are all limited by the provisions of the RHHCA. Based on the foregoing, you question whether the Road Home Corporation has been properly incorporated.
As you indicated, the legislature authorized the formation of the Road Home Corporation in La.R.S. 40:600.63, which states:
 There is hereby authorized the formation and incorporation of a nonprofit corporation, the purpose of which shall be the acquisition, disposition, purchase, renovation, improvement, leasing, or expansion of housing stock, including but not limited to housing stock as described in The Road Home, for the purposes set forth therein, as such action plan hereafter may be amended, supplemented, or otherwise modified. To the extent that the provisions of this Chapter are inconsistent with the provisions of R.S. 12:202.1 or any other provisions of any general statute or special act or parts thereof, the provisions of this Chapter shall be deemed to be controlling.
While this provision authorized the formation of the Corporation, it doesn't actually create the Corporation. Neither this statute nor any other statute enacted in the RHHCA mandates that any particular person or entity form the Corporation. We also note that the provisions of the RHHCA place no restrictions on who may form the Corporation.
You are correct that La.R.S. 40:600.6[1] authorizes the LHFA to form the Corporation. However, it doesn't mandate that the Corporation be formed by the LHFA, and doesn't grant the LHFA the exclusive right or authority to form the Corporation. While the LHFA certainly could have formed the Corporation, there is no provision of law which required that the LHFA do so. Once the Corporation was formed, there is no legal requirement that the LHFA ratify its formation or have any other responsibilities with respect to the Corporation.
There is no restriction on who may form the Corporation, and there is no mandate that any particular person or entity shall form the Corporation. Therefore, the Corporation may be formed by any person or entity with the power to form a non-profit corporation under the law. La.R.S. 12:202 provides that "One or more natural or artificial persons capable of contracting may form a nonprofit corporation under this Chapter." As you have indicated, the Corporation was formed by a natural person, as evidenced by the Articles of Incorporation of the Road Home Corporation, and the charter issued by the Louisiana Secretary of State, copies of which are attached hereto. It is the opinion of our office that the Corporation was incorporated by a person with the legal authority to do so pursuant to La.R.S. 12:202. As such, the Road Home Corporation was properly incorporated. There is no need for the LHFA to take any action with respect to the formation of the Corporation. We also note that, now that the Corporation has been formed, no other entity may be incorporated with the corporate name "Road Home Corporation".
Trusting this adequately responds to your request, we remain
 Yours very truly,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:_______________________
 KENNETH L. ROCHE, III
 Assistant Attorney General
 CCF, JR/KLR, III/crt
[1] R.S. 40:600(A)(22) provides:
A. The agency shall have the powers necessary or convenient to carry out and effectuate the purposes and provisions of this Chapter, including the following powers in addition to all other powers granted by other provisions of this Chapter:
(22) Notwithstanding anything stated in this Chapter or in any other law to the contrary, particularly R.S. 12:202.1, to create or cause to be created such nonprofit corporations as may be necessary or expedient to participate in housing programs of the federal government or its agencies and instrumentalities, including the creation of a nonprofit corporation to address the needs of the Road Home Program, as more specifically described in R.S. 40:600.61, et seq.